**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Francisco Martinez**, <br><br> Plaintiff, <br><br> v. <br><br> **Chula Vista Landscaping, Inc.**, an Arizona Corporation; **Alfredo Zavala and Jane Doe Zavala**, a Married Couple; **Phoebe Sanchez and John Doe Sanchez,** a Married Couple; and **Manuel Cervantes and Jane Doe Cervantes**, a Married Couple <br><br> Defendant. | No. _____ <br><br> **COMPLAINT** |

Plaintiff, Francisco Martinez ("Plaintiff"), sues the Defendants, Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. <u>See</u> 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7. At all material times, Plaintiff is an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Chula Vista Landscaping, Inc. was a Corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Chula Vista Landscaping, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9. Defendant Chula Vista Landscaping, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Chula Vista Landscaping, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Chula Vista Landscaping, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Chula Vista Landscaping, Inc. is subject to liability under the FLSA.

11. Defendant Alfredo Zavala and Jane Doe Zavala are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Alfredo Zavala and Jane Doe Zavala are owners of Chula Vista Landscaping, Inc. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Alfredo Zavala and Jane Doe Zavala are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Alfredo Zavala and Jane Doe Zavala are owners of Chula Vista Landscaping, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Alfredo Zavala and Jane Doe Zavala are subject to individual liability under the FLSA.

13. Defendant Phoebe Sanchez and John Doe Sanchez are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Phoebe Sanchez and John Doe Sanchez are owners of Chula Vista Landscaping, Inc. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Phoebe Sanchez and John Doe Sanchez are employers. The FLSA defines "employer" as any individual who acts directly or

-4-

indirectly in the interest of an employer in relation to an employee. Phoebe Sanchez and John Doe Sanchez are owners of Chula Vista Landscaping, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Phoebe Sanchez and John Doe Sanchez are subject to individual liability under the FLSA.

15. Defendant Manuel Cervantes and Jane Doe Cervantes are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Manuel Cervantes and Jane Doe Cervantes are owners of Chula Vista Landscaping, Inc. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Manuel Cervantes and Jane Doe Cervantes are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Manuel Cervantes and Jane Doe Cervantes are owners of Chula Vista Landscaping, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the

company's employees, Manuel Cervantes and Jane Doe Cervantes are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes.

22. At all relevant times, Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes.

24. At all relevant times, Plaintiff was an "employee" of Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes as defined by the Arizona A.R.S. § 23-350, et seq.

25. At all relevant times, Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes were and continue to be "employers" as defined by A.R.S. § 23-350.

26. At all relevant times, Plaintiff was an "employee" of Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes as defined by A.R.S. § 23-362.

27. At all relevant times, Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes were and continue to be "employers" as defined by A.R.S. § 23-362.

28. Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe

Cervantes individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Plaintiff, in his work for Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in his work for Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in his work for Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes, was engaged in interstate commerce.

32. Plaintiff, in his work for Defendants Chula Vista Landscaping, Inc., Alfredo Zavala and Jane Doe Zavala, Phoebe Sanchez and John Doe Sanchez, and Manuel Cervantes and Jane Doe Cervantes, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

33. Defendants own and/or operate as Chula Vista Landscaping, an enterprise located in Pima County, Arizona.

34. Plaintiff was hired by as a helper and worked for Defendants between approximately February 20, 2020 and May 14, 2020.

35. Defendants, in their sole discretion, agreed to pay Plaintiff $12.25 per hour for all hours he worked.

36. As a helper, Plaintiff's primary job duties included, but were not limited to, trimming trees, raking leaves, and picking up branches and trimmings.

37. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately between 38 and 40 hours per week.

38. On approximately May 6, 2020, one of Defendants' tree trimmers allegedly went missing.

39. On approximately May 11, 2020, Defendants terminated Plaintiff's employment.

40. On approximately May 14, 2020, Plaintiff attempted to pick up his paycheck from Defendants.

41. Defendants claimed that Plaintiff was responsible for the missing tree trimmer and demanded that Plaintiff pay them $130.00 to compensated them for it.

42. Defendants refused to pay Plaintiff unless he paid them back for the tree trimmer.

43. Plaintiff refused to pay Defendants and Defendants refused to pay Plaintiff his paycheck.

44. Defendants paid Plaintiff on a weekly basis on Thursdays.

45. Plaintiff should have received a paycheck on May 14 to cover work performed during the week of May 4, 2020 and a paycheck on May 21 to cover work performed on May 11, 2020.

46. To date, Defendants have not paid Plaintiff either the May 14 or May 21 paycheck.

47. Plaintiff is owed for approximately 50 hours for those two weeks.

48. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

49. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work, Defendants violated 29 U.S.C. § 206(a).

50. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work, Defendants have violated the AMWA, A.R.S. § 23-363.

51. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

52. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

53. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked during final two weeks of work for Defendants.

54. Plaintiff is a covered employee within the meaning of the FLSA.

55. Plaintiff is a covered employee within the meaning of the AMWA.

56. Plaintiff is a covered employee within the meaning of the AWA.

57. Plaintiff was a non-exempt employee.

58. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

59. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work.

-11-

65. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

66. Defendants' practice of willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work, 29 U.S.C. § 206(a).

67. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Francisco Martinez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

　i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

　ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants willfully and improperly refused to pay Plaintiff his paychecks for his final two weeks of work.

70. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

71. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

72. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Francisco Martinez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants committed one of more of the following acts:

-13-

        i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

        ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES OWED

73.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.    Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final two workweeks of his employment.

75.    Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

76. Plaintiff is therefore entitled to compensation for the full applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Francisco Martinez, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th Day of May, 2020.

        BENDAU & BENDAU PLLC

        By: /s/ *Christopher J. Bendau*
        Clifford P. Bendau, II
        Christopher J. Bendau
        *Attorney for Plaintiff*